# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> SHARON E. HALFPENNY <br><br> Debtor(s) | Case No. 1:16-bk-34776 |
| SHARON E. HALFPENNY, <br><br> Plaintiff <br><br> v. <br><br> SETERUS, INC., <br><br> Defendant | Chapter 13 <br><br> Honorable Deborah L. Thorne <br><br> Adversary No. 1:18-ap-_____ |

## COMPLAINT

SHARON E. HALFPENNY files this adversary proceeding against SETERUS, INC., alleging as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this action arises under 28 U.S.C. § 1334 and §§ 157(b) and (c). Plaintiff asserts claims against Seterus, Inc. for violations of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district.  Plaintiff filed for bankruptcy protection in this district, Seterus, Inc.. participated in Plaintiff's bankruptcy case in this district, and Seterus, Inc. transacts business in this district.

3. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states that to the extent the Court determines that any portion of this complaint is non-core, Plaintiff consents to the entry of final orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. Further, to the extent that any court determines that the Bankruptcy Court does not have the authority to enter a final judgment on any cause of action set forth herein, Plaintiff requests that the Bankruptcy Court issue a report and recommendation for a judgment to the United States District Court for the Northern District of Illinois on any such cause of action.

## PARTIES

4. SHARON E. HALFPENNY ("Plaintiff") is a natural persons, over 18-years-of-age, who filed for bankruptcy protection in this district.

5. SETERUS, INC. ("Defendant") operates as a loan servicing company. Its services include loan application, underwriting, processing, vendor management, document preparation and loan closing. Seterus, Inc. was formerly known as IBM Lender Business Process Services Inc. and changed its name in July 2011. The company was founded in 2007 and is based in Grand Rapids, Michigan. Seterus, Inc. operates as a subsidiary of International Business Machines Corporation.

## FACTUAL ALLEGATIONS

6. On June 17, 2003, Plaintiff executed a mortgage (the "Mortgage") in favor of Irwin Mortgage Corporation.

7. The Mortgage secured the purchase of Plaintiff's personal residence located at 401 South Grove Avenue, Apartment 1A, Oak Park, Illinois 60302-3862 (the "Property").

8. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $101,600.00 (the "Loan").

9. On December 1, 2010, Plaintiff defaulted on the Mortgage by failing to make monthly installments due under the Loan.

10. On or before December 30, 2011, the Mortgage was assigned, sold, and/or transferred to CitiMortgage, Inc. ("CitiMortgage").

11. On June 1, 2014, the *servicing* of the Loan was transferred from CitiMortgage to Defendant.

12. On or before June 5, 2014, the Mortgage was assigned, sold, and/or transferred to Federal National Mortgage Association ("Fannie Mae").

13. On October 31, 2016, Plaintiff filed for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

14. On December 16, 2016, Defendant filed a Notice of Mortgage Payment Change, giving notice of decrease in payment from $1,145.72 to $795.56, effective February 1, 2017.

15. On March 28, 2018, the court confirmed Plaintiff's Chapter 13 plan.

16. Plaintiff's Chapter 13 plan provided:

> **Section C.** *Direct payment of claims by debtor.* The debtor will make current monthly payments, as listed in the debtor's Schedule J – increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters – directly to the following creditors holding claims secured by a mortgage on the debtor's real property:
>
> Creditor: Federal National Mortgage Association, monthly payment, $795.56
>
> ***
>
> **Section E.** *Disbursements by the trustee.* The trustee shall disburse payments received from the debtor under this plan as follows: 5. *Mortgage*

> *arrears*. Payable as set forth, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
>
> (a)    To creditor, Federal National Mortgage Association, arrears of $45,454.11, payable monthly from available funds, pro rata with other mortgage arrears, without interest. These arrearage payments, over the term of the plan, are estimated to total $45,454.11.

17.    On April 26, 2018, Defendant mailed Counsel for Plaintiff a "Periodic Account Notice." (the "April 26, 2018 Notice").

18.    The April 26, 2018 Notice indicated a March 1, 2018 "Date of Post-Petition Default."

19.    The April 26, 2018 Notice indicated a "Regular Payment" amount of $825.18.

20.    The April 26, 2018 Notice indicated a "Past Due Amount" of $1,650.36.

21.    The April 26, 2018 Notice indicated that Plaintiff's post-petition payments of $795.56 were applied to Plaintiff's pre-petition arrears.

22.    The April 26, 2018 Notice indicated that "Property Inspection Costs" of $15.00 were assessed to Plaintiff's Loan on January 10, 2017; February 9, 2017; April 12, 2017; May 11, 2017; June 7, 2017; September 7, 2017; October 11, 2017; November 9, 2017; and February 8, 2018.

23.     A true and correct representation of the April 26, 2018 Notice is shown below:

### seterus
PO Box 1077, Hartford, CT 06143-1077

**Periodic Account Notice – Page 1**

| | |
|---|---|
| Statement Date | April 26, 2018 |
| Account Number |  |
| Bankruptcy Case # | 16-34776 |
| Property Address | 401 S GROVE AVE APT 1A OAK PARK, IL 60302-3862 |
| Phone | 866.570.5277 |
| Email | ExternalCommunications@seterus.com |
| Date of Post-Petition Default | March 01, 2018 |
| Outstanding Principal | $83,772.83 |
| Current Escrow Balance | $9,310.36 |
| Interest Rate | 5.500% |
| Maturity Date | July 01, 2033 |

HALFPENNY, DENNIS
HALFPENNY, SHARON
c/o SULAIMAN LAW GROUP LTD
900 JORIE BLVD STE 150
OAK BROOK, IL 60523-5810

Our records show that either one or more borrowers on the loan is a debtor in bankruptcy or has discharged personal liability for the mortgage loan in bankruptcy.

We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If you want to stop receiving statements, please write to us.

**Explanation of Post-Petition Amount Due**

| | |
|---|---|
| Principal & Interest* | $576.88 |
| Escrow (Taxes and Insurance) | 248.30 |
| Regular Payment | $825.18 |
| Past Due Amount | $1,650.36 |
| Total Charges | $0.00 |
| Suspense (credit)** | -948.71 |
| **Total Amount Due** | **$1,526.83** |

**Summary of Pre-Petition Amounts***

| | |
|---|---|
| Pre-Petition Balance | $56,858.97 |
| Pre-Petition Payments Since Last Statement | $0.00 |
| Pre-Petition Payments Since Bankruptcy Case Start | $0.00 |

**Past Payment Breakdown**

| | Paid Since Last Statement | Paid YTD |
|---|---|---|
| Principal | $2,610.27 | $573.49 |
| Interest | 5,466.05 | 1,157.15 |
| Escrow | 7,374.43 | 1,453.95 |
| Charges | 0.00 | 0.00 |
| Suspense (unapplied) | 948.71 | -3.55 |
| Total | $16,399.46 | $3,181.04 |

\* The principal and interest payment stated on this notice is based on the information we have at the time this notice was generated. While the allocation of principal and interest may change, your total principal and interest payment will remain the same.
\*\* Partial payments are held in a suspense account. See enclosed Partial Payment Information insert for more information.
\*\*\* The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

**Payment Activity Since Last Notice**

| Date | Principal | Interest | Escrow | Late Charge/Other Fees | Suspense | Total |
|---|---|---|---|---|---|---|
| January 17, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $3,437.16 | $3,437.16 |
| January 30, 2017 | $545.37 | $1,185.27 | $1,706.52 | $0.00 | $-3,437.16 | $0.00 |
| May 16, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $795.56 | $795.56 |
| May 18, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $2,386.68 | $2,386.68 |
| May 22, 2017 | $367.76 | $786.00 | $1,137.68 | $0.00 | $-2,291.44 | $0.00 |
| May 30, 2017 | $185.14 | $391.74 | $568.84 | $0.00 | $-114.72 | $1,031.00 |
| June 08, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $795.56 | $795.56 |
| June 12, 2017 | $185.99 | $390.89 | $568.84 | $0.00 | $-1,145.72 | $0.00 |
| July 12, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $795.56 | $795.56 |
| July 14, 2017 | $186.84 | $390.04 | $484.65 | $0.00 | $-1,061.53 | $0.00 |
| August 14, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $795.56 | $795.56 |
| September 14, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $795.56 | $795.56 |
| September 21, 2017 | $187.70 | $389.18 | $484.65 | $0.00 | $-1,061.53 | $0.00 |
| October 16, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $795.26 | $795.26 |
| October 18, 2017 | $188.56 | $388.32 | $484.65 | $0.00 | $-1,061.53 | $0.00 |
| November 15, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $795.26 | $795.26 |
| November 17, 2017 | $189.42 | $387.46 | $484.65 | $0.00 | $-1,061.53 | $0.00 |
| December 15, 2017 | $0.00 | $0.00 | $0.00 | $0.00 | $795.26 | $795.26 |
| January 16, 2018 | $0.00 | $0.00 | $0.00 | $0.00 | $795.26 | $795.26 |
| January 18, 2018 | $190.29 | $386.59 | $484.65 | $0.00 | $-1,061.53 | $0.00 |
| February 14, 2018 | $0.00 | $0.00 | $0.00 | $0.00 | $795.26 | $795.26 |
| February 16, 2018 | $191.16 | $385.72 | $484.65 | $0.00 | $-1,061.53 | $0.00 |
| March 14, 2018 | $0.00 | $0.00 | $0.00 | $0.00 | $795.26 | $795.26 |
| March 16, 2018 | $192.04 | $384.84 | $484.65 | $0.00 | $-1,061.53 | $0.00 |
| April 16, 2018 | $0.00 | $0.00 | $0.00 | $0.00 | $795.26 | $795.26 |



ADDITIONAL TRANSACTIONS AND ACTIVITY CONTINUE ON NEXT PAGE

```
                                              Periodic Account Notice – Page 2
                              Statement Date              April 26, 2018
                              Account Number
                              Bankruptcy Case #                 16-34776
                              Property Address          401 S GROVE AVE APT 1A
                                                        OAK PARK, IL 60302-3862
```

| Loan Transactions, Fees and Charges Since Last Notice | | |
|---|---|---|
| The following charges may not yet be approved by the Bankruptcy Court. You will not be responsible for these charges unless we obtain appropriate court approval, if such approval is required, or if your bankruptcy proceeding is dismissed. | | |
| Description | Date | Amount |
| Legal/Attorney Charges | December 08, 2016 | $1,595.00 |
| Legal/Attorney Charges | December 28, 2016 | $227.50 |
| Legal/Attorney Charges | April 04, 2017 | $900.00 |
| Legal/Attorney Charges | May 11, 2017 | $1,031.00 |
| Legal/Attorney Charges | November 10, 2017 | $900.00 |
| Legal/Attorney Charges | January 05, 2018 | $225.00 |
| Property Inspection Costs | January 10, 2017 | $15.00 |
| Property Inspection Costs | February 09, 2017 | $15.00 |
| Property Inspection Costs | April 12, 2017 | $15.00 |
| Property Inspection Costs | May 11, 2017 | $15.00 |
| Property Inspection Costs | June 07, 2017 | $15.00 |
| Property Inspection Costs | September 07, 2017 | $15.00 |
| Property Inspection Costs | October 11, 2017 | $15.00 |
| Property Inspection Costs | November 09, 2017 | $15.00 |
| Property Inspection Costs | February 08, 2018 | $15.00 |

24. On May 21, 2018, Defendant mailed Counsel for Plaintiff a "Periodic Account Notice." (the "May 21, 2018 Notice").

25. The May 21, 2018 Notice indicated an April 1, 2018 "Date of Post-Petition Default."

26. The May 21, 2018 Notice indicated a "Regular Payment" amount of $825.18.

27. The May 21, 2018 Notice indicated a "Past Due Amount" of $1,650.36.

28. The May 21, 2018 Notice indicated that Plaintiff's post-petition payments of $795.56 were applied to Plaintiff's pre-petition arrears.

29. The May 21, 2018 Notice indicated that "Property Inspection Costs" of $15.00 was assessed to Plaintiff's Loan on May 16, 2018.

30. A true and correct representation of the May 21, 2018 Notice is shown below:



## **DAMAGES**

31. Plaintiff filed for relief under chapter 13 of the Bankruptcy Code to cure arrearages and remain current on her Mortgage so that she emerges from chapter 13 with a fresh start.

32. Defendant's failure to comply with various provisions of the Bankruptcy Code has caused Plaintiff to experience anxiety, confusion, and shock consistent with believing that the

filing for relief under chapter 13 of the Bankruptcy Code was futile, and that Defendant will threaten to, and in fact, foreclose on her home.

33. Suffice it to say, Plaintiff has been denied the opportunity to face a new opportunity in life with a clear field for future effort unfettered by alleged arrearages on her Mortgage.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violation of Order Confirming Plan**

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Chapter 13 balances mortgage lenders' rights with debtor rights and protections.

36. The primary right provided to debtors is the right to cure arrearages and remain current on mortgage debt so that debtors emerge from chapter 13 with the promised fresh start. Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez), 396 B.R. 436, 440 (Bankr. S. D. Tex. 2008).

37. Section 1322(b)(5) provides that a chapter 13 plan may provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

38. After a plan is confirmed, debtor and creditor rights and responsibilities are defined by the confirmed plan.

39. The Court Order confirming the plan binds the debtor and mortgage lender to the allocation scheme provided for by the plan. 11 U.S.C. § 1327(a).

40. The creditor's obligations ensure that the debtor can cure arrearages and emerge from bankruptcy no longer facing foreclosure because of default.

41. Accordingly, the creditor must allocate payments pursuant to the plan.

42. Improper allocation of payments deprives a debtor of the promised fresh start and rights provided by 11 U.S.C. § 1322(b)(5) to cure arrearages and remain current on mortgage obligations.

43. Thus, the mortgage lender must allocate payments among principal, interest, and arrearages in the manner prescribed by the plan.

44. If a mortgage lender allocates payments that the plan dedicates to pre-petition arrearages to principal and interest or a post-petition charge, without court approval, the mortgage lender violates the terms of the plan and the lender may be subject to liability for violating the order confirming the plan.

45. In this case, Plaintiff's payment obligations to Defendant were implemented by her court approved chapter 13 plan.

46. Plaintiff's plan provided for payment of principal, interest, escrow, and arrearages to Defendant through her Chapter 13 plan.

47. Here, Defendant applied post-petition mortgage payments to pre-petition arrearages.

48. Section 105's plain language grants bankruptcy courts broad remedial authority. Section 105(a) provides:

> "The Court may issue *any order, process, or judgment that is necessary or appropriate* to carry out the provision of this title. No provisions of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination *necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process*.

11 U.S.C. § 105(a) (emphasis added).

49. Courts have used 11 U.S.C. § 105 to remedy violations of confirmed plans.

50. A bankruptcy court's authority under 11 U.S.C. § 105 to enforce its own orders cannot be reasonably questioned. *Am. Airlines Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) ("Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.") (quoting *U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 303-04, 67 S. Ct. 677, 91 L. Ed. 884 (1947)); *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d at 613 ("Reading [11 U.S.C. § 105] under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code."); *Musselwhite v. O'Quinn* (*In re Musselwhite*), 270 B.R. 72 (S.D. Tex. 2000) ("The Bankruptcy Court's finding of civil contempt and that Court's exercise of discretion to impose sanctions to compensate O'Quinn for Debtor's repeated and blatant violations of the Bankruptcy Court's various orders are not clearly erroneous."); *Sanchez v. Ameriquest Mortgage Co.* (*In re Sanchez*), 372 B.R. 289, 317 (Bankr. S.D. Tex. 2007) (holding that "the Defendant has violated the Court's order approving the Amended Plan, and the Defendant may be sanctioned for civil contempt"); *Tate v. NationsBanc Mortgage Corp.*, (*In re Tate*), 253 B.R. 653, 669 (Bankr. W.D. N.C. 2000).

WHEREFORE, Plaintiff requests the following relief:

A.　find that Defendant willfully violated the Order Confirming Plan;

B.　award actual damages as determined by this Court;

C.　award punitive damages as determined by this Court;

D.　award reasonable expenses and attorney's fees; and

E.　award any other relief deemed appropriate and equitable.

## COUNT II:
## Violation of Fed. R. Bankr. P. 3002.1

51. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52. Rule 3002.1 was adopted in December 2001 to address a significant problem caused when mortgage companies applied fees and costs to a debtor's mortgage while the debtor was in bankruptcy without giving notice to the debtor and then, based on these post-petition defaults, sought to foreclose upon the debtor's property after the debtor completed the plan.

53. Rule 3002.1 deals with this problem by requiring notice of payment changes and providing an opportunity for the debtor to contest them during the Chapter 13 case.

54. Rule 3002.1 provides in part:

> (a) In general. This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.
>
> (b) Notice of payment changes. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

Fed. R. Bankr. P. 3002.1.

55. Under subsection (a), the rule applies in Chapter 13 cases to claims secured by the debtor's principal residence and provided for under § 1322(b)(5) in the debtor's plan.

56. Section 1322(b)(5) provides that a plan "may … provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5).

57. Thus, when the loan agreement calls for payments that will be due after the date of the final plan payment, a debtor need not pay the secured claim in full during the course of the plan but instead may simply maintain the regular payment schedule through the end of the plan term.

58. In this case, Plaintiff's payments under the loan agreement will extend beyond the date of the last plan payment.

59. The Plaintiff is therefore permitted under § 1322(b)(5) to continue making regular monthly payments.

60. Paragraph C of Plaintiff's Chapter 13 plan provides that they will make current monthly payments to Defendant instead of through a payment from the trustee.

61. This provision of Plaintiff's Chapter 13 plan brings Defendant's claim within the scope of Rule 3002.1.

62. Defendant violated Rule 3002.1 by failing to file a Notice of Mortgage Payment Change giving notice of increase in payment from $795.56 to $825.18.

63. Subsection (i) of Rule 3002.1 addresses the potential consequences of a failure to comply.

It states:

> (i) Failure to Notify. If the holder of a claim fails to provide any information as required by subdivision (b) … of the rule, the court may, after notice and hearing, take either or both of the following actions:
>
> > (1) Preclude the holder from presenting the omitted information in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> >
> > (2) Award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3002.1(i)

WHEREFORE, Plaintiff requests the following relief:

A.  find that Defendant violated Fed. R. Bankr. P. 3002.1;

B.  preclude Defendant from presenting the omitted information in any form, as evidence in any contested matter or adversary proceeding in the case;

C.  preclude Defendant from collecting any post-petition default, deeming the Loan current;

D.  award reasonable expenses and attorney's fees; and

E.  award any other relief deemed appropriate and equitable.

## COUNT III:
## Violation of the Automatic Stay (11 U.S.C. § 362)

64.  All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

65.  The principal purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor."

66.  The automatic stay enjoins a creditor from acting to collect, assess, or recover claims against a debtor that arose prepetition.

67.  A violation of the automatic stay is "willful" when a creditor with knowledge that a bankruptcy case has been filed commits an intentional act that violates the automatic stay.

68.  Defendant took action to collect or recover against Plaintiff with knowledge that on October 31, 2016, Plaintiff filed for relief under Chapter 13 of the Bankruptcy Code

69.  Defendant assessed and collected improper charges during the pendency of Plaintiff's bankruptcy case.

70. Defendant applied payments from the Chapter 13 Trustee and/or Mortgage payments from Plaintiff to said improper charges during the pendency of Plaintiff's bankruptcy case.

71. Said misapplication of payments from the Chapter 13 Trustee and/or Mortgage payments from Plaintiff resulted in purported post-petition default.

72. Said assessment and collection of improper charges as well as said misapplication of payments was intentional and in callous disregard of the Bankruptcy Code.

73. Said assessment and collection of improper charges as well as said misapplication of payments constitute willful violation of 11 U.S.C. § 362(a)(3), (a)(4), (a)(5) and/or (a)(6).

WHEREFORE, Plaintiff requests the following relief:

A. find that Defendant willfully violated 11 U.S.C. §§ 362(a)(3), (a)(4), (a)(5) and/or (a)(6);

B. award actual damages as determined by this Court;

C. award punitive damages as determined by this Court;

D. award reasonable expenses and attorney's fees; and

E. award any other relief deemed appropriate and equitable.

Dated: August 8, 2018                                  Respectfully submitted,

**SHARON E. HALFPENNY**

By: */s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

mbadwan@sulaimanlaw.com

*Counsel for Sharon E. Halfpenny*